U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 16 2018

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CYNTHIA CONNER, ET AL | CIVIL ACTION NO. 2:16-01148 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BROOKSHIRE BROTHERS, INC, ET AL | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court are three (3) motions: (1) motion for summary judgment (R. #21) filed by Defendant, Brookshire Brothers Inc., (2) motion for summary judgment (R. #25) filed by Defendant, Coca Cola Bottling Co. United Inc. ("Coca-Cola") and (3) a motion for oral argument (R. #28) filed by Plaintiffs, Cynthia Conner and Tim Conner. Both Defendants seek to be dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs request oral arguments as to both motions.

## FACTUAL STATEMENT

On March 12, 2016, Plaintiffs, Cynthia Conner and her husband, Tim Conner were shopping at the Brookshire Brothers Grocery Store in Sulphur, Louisiana.[1] While purchasing her groceries, Mrs. Conner realized she left her keys in her vehicle. Mrs. Conner walked towards the store's exit and as she passed in front of several glass-door beverage coolers,[2] she slipped and fell in a clear liquid substance.[3]

---

[1] Brookshire Brothers exhibit, Cynthia Conner depo. p. 16; Brookshire Brothers exhibit, Tim Conner depo. p. 21.
[2] There were numerous coolers in the store including Pepsi, Coca-Cola. and possibly a Red Bull cooler. See. Exhibit A attached to Cynthia Conner's depo. as exhibit 2. R. #25-3.
[3] Brookshire Brothers exhibit, Cynthia Conner depo. pp. 25, 62-63.

1

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[8] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[11] The court

---

[4] Fed. R. Civ. P. 56(c).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[6] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[7] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[8] Anderson, 477 U.S. at 249.
[9] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[10] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[11] Anderson, 477 U.S. at 249-50.

will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[12]

## LAW AND ANALYSIS

Both Defendants, Brookshire Brothers, Inc. and Coca Cola Bottling Co. United Inc. have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court will consider each motion separately due to the distinct claims assert against each Defendant.

*Brookshire Brothers, Inc.*

Defendant, Brookshire Brothers, maintains that Plaintiffs cannot establish that (1) the condition that may have caused Mrs. Conner to slip and fall was created by Brookshire Brothers, nor (2) Brookshire Brothers had actual or constructive notice of the condition. Brookshire Brothers submits that Mrs. Conner did not see the liquid that accumulated on the floor and could provide few details. Brookshire Brothers allege that Plaintiffs surmise that the clear liquid came from a nearby glass-door cooler. Brookshire Brothers further asserts that there is no evidence to suggest that it had knowledge, or should have been aware, of the liquid on the floor prior to Mrs. Conner's fall.

In White v. Wal-Mart Stores, Inc., a two-prong analysis requires Plaintiff to (1) "come forward with positive evidence showing that the damage causing condition existed for some period of time," and (2) show "that such time was sufficient to place the merchant defendant on notice of its existence."[13]

---

[12] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).
[13] 699 So.2d 1081, 1082 (La. 9/9/97).

Louisiana Revised Statute 9:2800.6 governs slip-and-fall accidents in merchant retail stores and is as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions
>
>> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>>
>> (2) "Merchant" means one whose business is to sell goods, food, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or

> aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
>
> D. Nothing herein shall affect any liability which a merchant may have under Civil Code arts. 660, 667, 669, 2317, 2322 or 2695.

Plaintiff must prove:

1. The condition presented an unreasonable risk of harm and that risk was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and

3. The merchant failed to exercise reasonable care.[14]

A plaintiff's failure to prove any of these factors is fatal to her claim.[15] Courts will not infer constructive notice; the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time.[16] "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some period of time."[17] A "defendant need not come forward with positive evidence of the absence of the spill."[18]

Brookshire Brothers submits the deposition testimony of Mrs. Conner and her husband, Timothy Conner, who testified that they did not see liquid on the floor until after

---

[14] Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 897 (La.App. 2d Cir. 6/25/03).
[15] Id.
[16] White v. Wal-Mart Stores, Inc, 699 So.2d 1081, 1084 (La. 9/9/97).
[17] Id.
[18] Id. at 1086.

Mrs. Conner fell.[19] Brookshire Brothers also submits the deposition testimony of its employees on duty who testified that they were not aware of any liquid on the floor near the glass-door coolers prior to Mrs. Conner's fall.[20] Thus, Brookshire Brothers argues even if the water came from one of the nearby coolers, Plaintiffs have failed to establish the length of time the liquid may have been on the floor prior to Mrs. Conner's fall.

Brookshire Brothers maintains that because there is no evidence of a defective condition of the cooler(s), or that liquid had existed on the floor for some period of time before Mrs. Conner's fall, Plaintiffs' claims must be dismissed.[21]

Plaintiffs submit the testimony of Mr. and Mrs. Conner wherein even though Mrs. Conner could not identify where the water came from, Mr. Conner testified that "I could see the water trail trailing off. And then when I looked up, it was a coke machine."[22]

Plaintiffs submit the deposition testimony of office clerk, Allie DiGiovanni, who was working at the time of the accident wherein she testified that the store had problems in the past with the coolers leaking due to condensation and overfilled water trays.[23] Attached to Ms. DiGiovanni's deposition is an accident report which indicates that Mrs. Conner's slip and fall was the result of "water that leaked out of a Coke cooler."[24] Ms.

---

[19] Defendant's exhibit, C. Conner depo. p. 19; T. Conner depo. p. 20.
[20] Defendant's exhibit C, A. DiGiovanni dep. P. 54; K. Thibodeaux depo. pp. 8-9; C. Duplechain depo. p. 12; C. Darby depo., pp. 27-28.
[21] Citing Duncan v. Wal-Mart Louisiana L.L.C., 863 F.3d 406, 409-10 (5th Cir. 2017)(Plaintiff's claims arising from a slip and fall caused by water in front of an ice freezer were dismissed, as plaintiff showed only that a hazard existed without also showing that the condition existed for some time before the fall); Roberts v. Hartford Fire Ins. Co., 926 So.2d 121, 127 (La.App. 3rd Cir. 4/5/06), writ denied, 930 So.2d 984 (La. 6/23/06)(where plaintiff offered no proof to support a conclusion that puddle, which extended an estimated two and one half (2-1/2) feet from a cooler, existed for some time before plaintiff's fall, judgment in favor of grocery store owner was required).
[22] Plaintiffs' exhibit B, T. Conner depo. pp. 15-17.
[23] Plaintiffs' exhibit C, A. DiGiovanni depo. p. 21.
[24] Plaintiffs' exhibit D.

DiGiovanni testified that she knew of more than two or three incidents of the cooler leaking within a one and one-half year time period prior to Mrs. Conner's fall.[25]

Plaintiffs submit the deposition testimony of Cameron Darby, who as working at the Brookshire Brothers' gas station at the time of the incident and who did not witness the accident or the aftermath. Mr. Darby testified that during the two years prior to Mrs. Conner's fall, he was aware of about five or six times that he had seen water below the coolers where water had leaked from the cooler's drip pan caused by a door on the cooler that had been left open.[26]

Next, Plaintiffs submit the deposition testimony of Keiland Thibodeaux who had worked part-time for Brookshire Brothers for several years. Mr. Thibodeaux did not witness the accident, but was aware of at least two incidents prior to Mrs. Conner's fall where he cleaned up water that had leaked from the coolers, and he had seen another employee clean water from the coolers at least once.[27]

Plaintiffs submit the deposition testimony of Phillip Johnson, a system analyst for Coca-Cola who testified that in September of 2015, the records revealed an Unplanned Maintenance Order for a leaking cooler; the door was not closed completely due to shelves that were too far forward causing the drain pan to overflow.[28] Mr. Johnson had received a phone call from a Brookshire Brothers' manager complaining of leaking water which caused a customer to slip and fall on September 14, 2016. Mr. Johnson testified

---

[25] Plaintiffs' exhibit C, A. DiGiovanni depo. p. 22.
[26] Plaintiffs' exhibit E, C. Darby depo. pp. 11-12.
[27] Plaintiffs' exhibit F, K. Thibodeaux depo. pp. 9-11.
[28] Plaintiffs' exhibit G, P. Johnson depo. pp. 15-32.

that this particular cooler had been at the Brookshire Brothers' store since 2014.[29] Mr. Johnson testified that a Brookshire Brothers' manager had discovered a bracket that kept the door from closing completely.[30] It was determined that the bracket was a shipping bracket to prevent the door from bouncing while in transit and should have been removed after the cooler was delivered.[31] The bracket was removed in September 2016.[32]

Ms. DiGiovanni testified that for about a year after the bracket had been removed, she had no knowledge of any leaks or water overflowing from the cooler.[33]

The court finds that Plaintiffs have submitted enough summary judgment evidence to create a genuine issue of material fact for trial. The evidence submitted by Plaintiffs establishes that Plaintiff had prior notice on numerous occasions that the coke coolers had water overflow problems. Brookshire Brothers could have reported the overflow problems to Coca-Cola in order to have the cooler inspected and repaired. It failed to do so. There is evidence that a large puddle of water had overflowed and trailed from the coke cooler which a jury could conclude would take a sufficient amount of time to meet the temporal element necessary under Louisiana Revised Statute 9:2800.6. A jury may also determine that in view of the ongoing problem with water leaks at the cooler, Brookshire Brothers should have put down a skid-proof mat to reduce the risk of a fall such as experienced by Mrs. Conner. Thus, based on the summary judgment evidence submitted, a jury could reasonably infer that Brookshire Brothers had constructive notice,

---

[29] Id. p. 36; Plaintiffs' exhibit I.
[30] Id.
[31] Id.
[32] Id.
[33] Plaintiffs' exhibit C, DiGiovanni depo. p. 28.

failed to exercise reasonable care, and the condition presented an unreasonable risk of harm and that risk was reasonably foreseeable.

*Coca-Cola*

Plaintiffs rely on Louisiana Civil Code article 2317.1 which provides that the owner or custodian of a thing is liable upon a showing that he knew or should have known of the "ruin, vice, or defect" which caused the damage, and that the damage could have been prevented by the exercise of reasonable care." To create a genuine issue of material fact, Plaintiffs rely on evidence that Coca-Cola knew that the bracket should have been removed and that the unremoved bracket caused the water overflow problems. Plaintiffs argue that Coca-Cola had a duty to properly install and inspect the cooler, and that Coca-Cola breached those duties. Coca-Cola knew that a transportation bracket was left on the machine which should have been removed. Thus, Plaintiffs maintain that Coca-Cola negligently failed to remove a bracket that should have been removed.

As owner of the cooler, Coca-Cola had a duty to properly install and inspect the cooler. Based on the summary judgment evidence submitted, the court finds that Plaintiffs have created a genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth above, the court will deny both motions for summary judgment and deny the motion for oral arguments as unnecessary.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 16th day of February, 2018.

```
               _____
                    JAMES T. TRIMBLE, JR.
                 UNITED STATES DISTRICT JUDGE
```