U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 6 2018

TONY R. MOORE, CLERK
BY: /MB
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CYNTHIA CONNER, et al** | **CIV. ACTION NO. 2:16-01148** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **BROOKSHIRE BROTHERS LTD, ET AL** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the court is a "Motion to Exclude and/or Limit Opinions of Jason T. English" (R. #33) wherein Defendant, Coca Cola Bottling Company United, Inc. ("Coca-Cola") moves to exclude and/or limit the opinions of Mr. English at the bench trial of this matter.

Plaintiffs retained Mr. English as a "human factors/safety expert; he opined that (1) Coca-Cola failed to exercise reasonable care to install, inspect and maintain their coolers, and (2) Coca-Cola failed to establish a safety program for the installation, inspection and maintenance of their coolers. Coca-Cola argues that Mr. English's opinions are not supported by any methodology, scientific data, and are not supported by evidence in the case. Additionally, Coca-Cola complains that the "jury" is fully competent to assess the situation without the necessity of a safety expert. The court notes that the instant lawsuit is a bench trial and will be decided by the undersigned.

As noted by Plaintiffs, this lawsuit involves Plaintiff's fall on a wet substance located in front of several soda coolers; there is testimony that the clear liquid which caused the fall trailed to underneath a certain Coca-Cola cooler.

In <u>Daubert v. Merrell Do Pharmaceuticals, Inc.</u>,[1] the United States Supreme Court provided the analytical framework for determining whether expert testimony is admissible

---

[1] 509 U.S. 579 (1993).

1

under Rule 702. Both scientific and nonscientific expert testimony are subject to the Daubert framework which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant.[2] When expert testimony is challenged under Daubert, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[3] "Reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[4] To be relevant, the expert testimony must assist the trier of fact to understand or determine a fact in issue."[5]

Coca-Cola complains that Mr. English did not investigate or inspect the coolers in question, and thus he made his opinions on safety protocol without any basis. Plaintiffs argue that Mr. English will testify as to the standards applicable to prevent slip and falls, the types of inspections that should have been conducted, standards applicable to employee training and the need to inspect equipment. Plaintiffs assert that it will show that Coca-Cola employees should have been trained to check the overflow pan, and if there was a problem, investigate it and correct the problem. Plaintiffs suggest that had Coca-Cola employees followed that protocol, they would have discovered the transportation bracket had not been removed from the cooler.

Coca-Cola next maintains that Mr. English should not be allowed to express an opinion as to fault because the jury can make that determination using common sense and knowledge. In other words, there is no need for a safety expert to testify concerning

---

[2] Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir. 2004); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).
[3] Moore v. Ashland Chem. Co., Inc., 151 F.3d 269, 276 (5th Cir. 1998).
[4] Knight v. Kirby Inland Marine, Inc. 482 F.3d 347, 352 (5th Cir. 2007).
[5] Bocanegra v. Vicmar Servs., Inc., 320 F.3d 581, 584 (5th Cir. 2003).

whether or not Coca-Cola's alleged failure to establish a safety program equates to liability. As noted previously, this is a bench trial.

The court is of the opinion that Mr. English's expert opinion is not entirely irrelevant. Because this is a bench trial, to the extent that the court finds any portion of his testimony irrelevant, the court will exercise its discretion to limit his testimony as it deems necessary during the trial of this matter. Accordingly, it is

**ORDERED** that the motion to exclude is hereby **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 26th day of March, 2018.

                                    JAMES T. TRIMBLE, JR.
                                    UNITED STATES DISTRICT JUDGE